# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD LEE FOSTER, | Case No. CV 09-7063-ODW (JEM) |
|     Petitioner, | |
| v. | MEMORANDUM AND ORDER DISMISSING PETITION WITH LEAVE TO AMEND |
| WARDEN, | |
|     Respondent. | |

    The Court has received a document submitted by Richard Lee Foster ("Petitioner"), a state prisoner currently incarcerated at the Correctional Training Facility in Soledad, California. The Court has construed the document as a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 ("Petition") and filed it on September 29, 2009.

    The Court's review of the Petition reveals that it suffers from the following deficiencies:

    1.    Petitioner has failed to use the approved Central District habeas form. See Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts (authorizing the District Court by Local Rule to require that habeas petitions be filed in a form prescribed by the Local Rule); Local Rule 83-16.1.

2.	Petitioner has failed to name a proper respondent.  If Petitioner chooses to file an amended petition, he must name as the respondent the warden of the state prison where he is incarcerated currently (i.e., the prison warden of the Correctional Training Facility at Soledad).  See 28 U.S.C. § 2242; see also Rumsfeld v. Padilla, 542 U.S. 426, 436 (2004); Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and the Advisory Committee Notes thereto.  The Ninth Circuit has held that the failure to name the correct respondent destroys personal jurisdiction.  See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996); Stanley v. California Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994).

3.	Petitioner has failed to state a cognizable federal habeas claim.  Under 28 U.S.C. § 2254(a), Petitioner may seek habeas relief only if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States.  See Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) (reiterating that "it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions"); see also Smith v. Phillips, 455 U.S. 209, 221 (1982) ("A federally issued writ of habeas corpus, of course, reaches only convictions obtained in violation of some provision of the United States Constitution.").

4.	Petitioner has failed to demonstrate that he has exhausted his state remedies as to the claims alleged in his Petition.  Federal habeas relief may not be granted unless Petitioner has exhausted the remedies available in the courts of the state.  28 U.S.C. § 2254(b)(1)(A).  "To exhaust state remedies, petitioner must present each of his claims to the state's highest court.  In turn, the state's highest court must have disposed of each claim on the merits."  James v. Borg, 24 F.3d 20, 24 (9th Cir.), cert. denied, 513 U.S. 935 (1994) (citing Carothers v. Rhay, 594 F.2d 225, 228 (9th Cir. 1979)).  As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition.  See Rose v. Lundy, 455 U.S. 509, 518-22 (1982).  Petitioner has the burden of demonstrating that he has exhausted available state

remedies. See Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1981), cert. denied, 455 U.S. 1023 (1982); see also Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

\* \* \* \*

For the foregoing reasons, the Petition is **DISMISSED WITH LEAVE TO AMEND**. If Petitioner elects to pursue this action, he is **ORDERED** to file an amended petition rectifying the deficiencies identified above within thirty (30) days of the date of this Order. The clerk is directed to send Petitioner a blank Petition for Writ of Habeas Corpus form for this purpose.

The amended petition shall reflect the same case number as the petition, be clearly labeled "First Amended Petition," and be filled out completely. Petitioner shall name the proper respondent. In Paragraph 7 of the First Amended Petition, Petitioner shall specify **separately and concisely** each federal constitutional claim that he is pursuing and answer all of the questions pertaining to each such claim. If Petitioner attaches a supporting memorandum of points and authorities, the arguments therein should correspond to the claims listed in Paragraph 7 of the habeas petition form and should not include any additional claims.

Petitioner must demonstrate that he has exhausted his state court remedies as to each claim listed in Paragraph 7 of the First Amended Petition. If Petitioner contends that he presented his claims in a Petition for Review to the California Supreme Court, he should identify such filing in Paragraph 4 of the habeas petition form and provide all other requested information. If Petitioner contends that he presented his claims in a habeas petition to the California Supreme Court, he should identify such filing in Paragraph 6 of the habeas petition form and provide all other requested information. For each filing listed in Paragraphs 4 and 6, Petitioner must specify all grounds raised by him in the filing, the case number, the date of decision, and the result.

Petitioner shall immediately notify the Court of any change to Petitioner's address. If Petitioner fails to keep the Court informed of where Petitioner may be contacted, this action will be subject to dismissal for failure to prosecute and failure to

1 | comply with a court order. See Local Rule 41-6.

2 |     Finally, Petitioner is cautioned that his failure to file a First Amended Petition by November 6, 2009, may result in a recommendation that this action be dismissed without prejudice for failure to prosecute and/or failure to comply with a court order. No extension of this deadline will be granted absent a showing of good cause.

**IT IS SO ORDERED.**

DATED: October 7, 2009      /s/
　　　　　　　　　　　　　　　　JOHN E. MCDERMOTT
　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE